OLCOTT AND CALDWELL, ADMINISTRATORS OF OLCOTT, v. GRAHAM AND M'LEAN, ADMINISTRATORS OF HUMPHREY.

*Plene administravit,* not a good plea, according to the laws of this state.

ERROR from the Court of Common Pleas.    Olcott and Caldwell brought their action, in capacity of administrators, against the defendants, in the same capacity, on a note, given by their intestate, to the plaintiffs' intestate.—

The defendants pleaded,

1. Full payment by the original promisor, to the original promisee.

2. *Plene administraverunt.*

The plaintiffs traversed the full payment, and gave no answer to the other part; — to which the defendants de-

murred — And the replication of the plaintiffs was, by the Court of Common Pleas, adjudged insufficient.

Judgment of the common pleas reversed.

By the COURT. The allegation of full payment, in the defendants' plea in bar, was the only point that was sufficient (if true) to bar the action; and that being traversed by the plaintiffs, and the traverse not joined by the defendants, judgment ought to have been for the plaintiffs. An administrator, by the laws of this state, cannot discharge himself by pleading, that he has fully administered; for if the estate is insufficient to pay all the debts, he must represent it insolvent, and pay to each creditor his ratable part of the avails; unless any creditor shall be foreclosed, by neglecting to exhibit his claims, on due notice being given, agreeable to the statutes in such case provided; which is not alleged in this case.